IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RENITA WILLIAMS                                                                                         PLAINTIFF

V.                                                                            CIVIL ACTION NO. 3:20-cv-00059-NBB-RP

SERVICEPRO, LLC                                                                                        DEFENDANT

## ORDER

This cause comes before the court upon the parties' motions in limine. Upon due consideration, the court finds as follows:

The plaintiff, Renita Williams, brings this diversity action alleging negligence and other claims resulting from injuries she alleges she incurred when she slipped and fell in water while working as an employee of the former Resorts Casino in Tunica, Mississippi, owned by Penn National Gaming, Inc.[1] The plaintiff alleges an employee of ServicePro, LLC, had mopped the floor immediately prior to her fall. ServicePro is the only defendant remaining in this case.

In anticipation of the upcoming trial, both parties have moved in limine for various relief. The court will address only those motions that are genuinely contested.

The defendant objects to the plaintiff's proposed expert witness testimony. The court will allow testimony from any of the plaintiff's previously disclosed treating physicians. The defendant's motion will be denied.

The defendant objects to testimony from plaintiff's potential lay witnesses. The testimony anticipated by the defendant is too vague at this point, and the circumstances unclear. The court will therefore withhold its ruling on this matter and carry the motion forward to trial at which point it will be addressed if or when it arises.

---

[1] Penn National Gaming settled the plaintiff's workers' compensation claim and is not a party to this action but has moved to intervene, which the court will address in a subsequent order.

The defendant asserts that comments from the defendant's employee or employees amount to hearsay and seeks to exclude such testimony. The court will carry this matter forward to trial.

The defendant seeks to exclude evidence of subsequent remedial measures which may have been taken by the defendant after the plaintiff's alleged fall. As such evidence is explicitly excluded by Federal Rule of Evidence 407, the court finds this motion well taken, and it will be granted subject to the limited exceptions provided by the rule.

The defendant moves to preclude mention or evidence of any alleged incidents similar to the plaintiff's alleged fall. The court finds such evidence irrelevant and unfairly prejudicial. The motion is therefore well taken, and it will be granted. *See* Fed. R. Evid. 401, 403.

The plaintiff asserts the defendant should be precluded from offering testimony, evidence, argument, or comment regarding how or when she came to hire her attorney or file this lawsuit. The defendant responds that the matter is relevant to show the plaintiff's motivation and credibility. The court finds the plaintiff's motion well taken, and it will be granted. *See* Fed. R. Evid. 401, 403.

The plaintiff moves to preclude the defendant from offering testimony and other evidence regarding any other entity previously involved and dismissed from this matter. The defendant asserts that comparative fault is at issue here, even for non-parties. The court will carry this matter forward to trial and rule on the parties' objections if the issue arises.

The plaintiff seeks to preclude the defendant from questioning the authenticity of a certain video which the plaintiff asserts shows the defendant's employee mopping the floor shortly before the plaintiff's fall. The plaintiff's motion is denied, as the plaintiff must authenticate the video and show its relevance prior to admission. *See* Fed. R. Evid. 901, 401.

The plaintiff seeks to exclude evidence of prior convictions. The court will carry this motion forward to trial and address the matter if or when it arises.

Accordingly, it is **ORDERED AND ADJUDGED** that the parties' motions in limine are **GRANTED in part and DENIED in part**, with rulings on certain motions withheld to go forward and be addressed at trial.

This 23rd day of July, 2021.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE